INVESTMENT COMPANY INSTITUTE,
Plaintiff,

v.

The **BOARD OF GOVERNORS OF the FEDERAL RESERVE SYSTEM** et al., Defendants.

Civ. A. No. 74–697.

United States District Court,
District of Columbia.

July 30, 1975.

G. Duane Vieth, Melvin Spaeth, James W. Jones, Washington, D. C., for plaintiff.

Carla A. Hills, Earl J. Silbert, Michael A. Katz, Harland F. Leathers, David C. Shonka, Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM OPINION

JUNE L. GREEN, District Judge.

This matter is before the court on defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment and plaintiff's Cross-motion for Summary Judgment.

Defendant, Federal Reserve Board, is authorized by section 4(c)(8) of the Bank Holding Company Act, 12 U.S.C. § 1843(c)(8), to determine those activities in which a bank holding company may engage as being so closely related to banking or the management or control of banks, as to be a proper incident thereto. Pursuant to this authority, the Board in August 1971, proposed amending Regulation Y which listed permissible activities of bank holding companies. One of the proposed activities, to which plaintiff objects, is to allow such a company to act as investment advisor to an investment company registered under the Investment Company Act of 1940, after complying with certain procedures set forth in the regulation. Plaintiff submitted statements and participated in the hearing on the suggested rule, arguing that the proposed regulation authorized activities in violation of the Glass-Steagall Act. In January 1972, this proposed amendment was promulgated by order of the Board, 12 C.F.R. 225.4(a)(5)(ii), and an interpretive ruling was issued simultaneously, analyzing the scope of

the activity allowed. 12 C.F.R. 225.125. Plaintiff filed this action for declaratory and injunctive relief, challenging the validity of the Board's amended Regulation Y and interpretive rulings thereon for basically the same reasons argued during the administrative proceedings.

In their Motion to Dismiss or, in the Alternative, for Summary Judgment, the defendants have raised several arguments, not only supporting the validity of the questioned regulation as a proper exercise of the Board's authority, but also challenging the Court's jurisdiction over the case.

The principal jurisdictional argument raised is that judicial review of a decision of the Board is vested in the Court of Appeals. Under 12 U.S.C. § 1848, any party aggrieved by an order of the Board may, within thirty days after its entry, petition the United States Court of Appeals for review. The Supreme Court has, in effect, held that 12 U.S.C. § 1848 provides the exclusive means for reviewing orders of the Board under the Bank Holding Company Act. *Whitney National Bank v. Bank of New Orleans and Trust Company*, 379 U.S. 411, 85 S.Ct. 551, 13 L.Ed.2d 386 (1965).

The issue before the Court, however, is whether review of a Board regulation, although promulgated by an order, must be vested in the Court of Appeals. Both section 1848 and the *Whitney* decision occurred when the defendants could only proceed by order following an adjudicatory proceeding. In 1970, the Bank Holding Company Act was amended and defendants were permitted to proceed "by order or regulation" in determining whether a particular type of business is so closely related to banking as to be a proper incident thereto.

12 U.S.C. § 1843(c)(8). The statutory provision for judicial review, however, remained unchanged. 12 U.S.C. § 1848.

Upon consideration of the record, the Supreme Court decision in *Whitney*, and the cases of this circuit following the 1970 amendments to the Bank Holding Company Act where the action was commenced in the Court of Appeals, the Court concludes that it does not have subject matter jurisdiction over this action. The rationale underlying the prior case law in this area is that the final agency decision is buttressed by a comprehensive administrative record. When the facts are developed and only questions of law remain, parties should not be able or required to relitigate the issues. This is precisely the posture of a case, such as the present action, where cross-motions for summary judgment are in issue. Furthermore, the Court of Appeals has retained jurisdiction in the review of decisions of the Board even though the action was based on a regulation. For this Court to maintain jurisdiction, the statutory framework established by Congress in the Bank Holding Company Act would be thwarted. *Whitney National Bank v. Bank of New Orleans and Trust Company*, 379 U.S. 411, 85 S.Ct. 551, 13 L.Ed.2d 386 (1965); *Deutsch Lufthansa Aktiengesellschaft v. CAB*, 156 U.S.App.D.C. 191, 479 F.2d 912 (1973); *City of Chicago v. FCC*, 147 U.S.App.D.C. 312, 458 F.2d 731 (1971), *cert. denied*, 405 U.S. 1074, 92 S.Ct. 1495, 31 L.Ed.2d 808 (1972); Note, "Jurisdiction to Review Federal Administrative Action: District Court or Court of Appeals", 88 Harv.L.Rev. 980, 989–992 (1975).

In view of the foregoing, the Court declines to reach the issues remaining.